## Slothower v. Schrack

*John H. Chronister*, for plaintiffs.
*William D. Schrack, III*, for defendants.

BUCKINGHAM, *J.*, July 2, 1982—This matter is before the court en banc on plaintiffs' exceptions to the court's nonjury decision dated and filed February 21, 1980, dismissing plaintiffs complaint and finding in favor of defendants and against plaintiffs on defendants' counterclaim. The decision held legal title in a tract of land of 14 acres, 25 perches located in Franklin Township, York County, Pa. and described in the agreement of sale thereof from defendants, Haar to defendants, Schrack, dated August 15, 1975 and recorded in Deed Book 69 J 333, to be in defendants' Haar and equitable title thereto to be in defendants Schrack. This opinion and order are for the court en banc.

The stipulated facts are that a tract of 28 acres, 90 perches in Franklin Township, York County, Pennsylvania was deeded to a George Pentz on September 18, 1869. The deed was not recorded until July 13, 1926. Pentz conveyed 14 acres, 25 perches of this tract on January 1, 1870 but this deed was not recorded until 1977. This 14 acres, 25 perches tract was reconveyed in 1881 and 1882 but neither deed was recorded. On February 11, 1916 the 14 acres, 25 perches tract again conveyed and

this deed was recorded on February 14, 1916. There have been several successive conveyances of this 14 acres, 25 perches tract up to the present defendants, all of which have been recorded. Defendants claimed title to the 14 acres, 25 perches tract through this chain.

Pentz died in testate in 1891 and his land passed under the testate law to his grandson. On March 20, 1926 the grandson conveyed by a voluntary deed of assignment to a trustee all of the land he owned including specifically a tract of land in Franklin Township containing 20-30 acres. The deed, which did not contain a metes and bounds description, was recorded on March 20, 1926. The trustee obtained a quit claim deed from an uncle of the grandson, which contained a chain of title back to Pentz and described the land as 28 acres, 90 perches. This deed was recorded on December 15, 1926.

The trustee sold this tract on December 17, 1926 and the deed was recorded on February 14, 1927. This deed contained a metes and bounds description. The tract was again sold on November 13, 1941 to the estate of Rosie Slothower by C.P. Burtner and Harriett Burtner, his wife, the deed being recorded on November 18, 1941.

Plaintiffs' claimed title to the tract of 28 acres, 90 perches through Rosie Slothower's will. After studying the article by Professor Francis S. Philbrick, titled Limits of Record Search and Therefore of Notice, 93 U. of P. L. Rev., 125 (1944), we are persuaded that under the facts and applicable law in this case that the trial court erred in dismissing plaintiffs' complaint and awarding of the 14 acres, 90 perches tract to defendants.

The clear intent of Pennsylvania's recording statute is to protect a subsequent purchaser of real estate who purchases for value without notice of

any prior conveyances which would interfere with his legal title. Long John Silver's Inc. v. Fiore, 255 Pa. Super. 183, 386 A. 2d 569 (1978). It is not contested that plaintiffs had no actual notice of Pentz's prior conveyances. Further, it is quite clear that the deed recorded in 1916 in defendants' chain of title, gave no constructive notice to plaintiffs because once title had been searched back to Pentz, plaintiffs' search forward from the grandson would not have uncovered the 1916 deed. Professor Philbrick's article makes it clear that because the 1916 deed provided no record notice, it falls outside the recording system. While the result we reach may seem unfair, it must be analyzed in light of the purpose of the recording statute. It must be conceded that the grandson's deed in 1926 was the first recorded deed. Recording statutes were enacted to protect subsequent purchasers by encouraging prompt recordation of transactions affecting title to land. Given all this it seems obvious that the trial judge misapplied the law to the facts of this case and we are compelled to enter a decision reversing his decision and entering one in favor of plaintiffs and against defendants.

## DECISION

And now, July 2, 1982, the non-jury decision of the court dated and filed February 21, 1980 is hereby reversed and title to the tract of 28 acres, 90 perches in Franklin Township, York County, Pennsylvania more fully described in the deed of C.P. Burtner and Harret Burtner, his wife, to the estate of Rosie Slothower, dated November 13, 1941 and recorded on November 18, 1941 in Deed Book 29 A 197, and which tract includes the tract of 14 acres, 90 perches claimed by defendants, is hereby declared to be in plaintiffs, Anna Mae

Slothower and Frank Earl Slothower and defendants are hereby enjoined from claiming any title to any of said land or in anyway denying plaintiffs' title to said land. Further, defendants' counterclaim against plaintiffs, claiming legal and equitable title to the said 14 acres, 25 perches described in the agreement of sale from defendants, Haar to defendants, Schrack, dated August 18, 1975 and recorded in Deed Book 69 J 333, is hereby dismissed.

The costs of these proceedings shall be on defendants.

An exception is granted to defendants.